IN THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LLOYD'S UNDERWRITERS, et al,

    Petitioners,

v.

TD BANK, N.A.,

    Respondent.

_____/

### AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

The Court, upon the agreed motion of the Petitioners, Lloyd's Underwriters, et al, and the Respondent, TD Bank, N.A. (collectively, the "Parties"), with respect to the production of certain banking documents for accounts held at TD Bank, N.A. by the now-defunct law firm, Rothstein, Rosenfeldt, Adler, P.A. ("RRA"), funds operated by Banyon Funding LLC, and other accounts related to Scott Rothstein for the time period from no earlier than November 8, 2007 to November 10, 2009 for use in a currently pending lawsuit in Ontario, Canada between the Parties, Ontario Superior Court of Justice (the "Ontario Court") Court File No. CV-14-495750 (the "Ontario Action"), hereby finds that certain information, documents and things subject to discovery in the Ontario Action related to certain banking documents in the possession of TD Bank which may be claimed to be or contain Confidential Information (as further defined below).  To expedite discovery in the Ontario Action and permit the Parties to proceed without delay occasioned by disputes regarding claims of confidentiality, the Court hereby enters this Protective Order.

    IT IS HEREBY ORDERED:

1.	"Confidential Information" means all documents produced in response to the Subpoena issued by this Court pursuant to the Order granting discovery under 28 U.S.C. § 1782.

2.	The parties stipulate that all Confidential Information exchanged pursuant to the Order granting discovery under 28 U.S.C. § 1782 shall be used solely for the purpose of the assessment, preparation, and trial of the Ontario Action, and for no other purpose. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Protective Order, Sections 135 and 137 of the *Courts of Justice Act,* R.S.O. 1990, c. C.43, or any order of the Ontario Superior Court.

3.	Subject to any Order to the contrary issued by the Ontario Court Confidential Information shall be disclosed only to "Qualified Persons" as defined in Paragraph 3, including Sub-Paragraphs (a) through(i), below.

4.	"Qualified Persons" means:

	a)	Lawyers of record, lawyers supervising or working under the direction of a lawyer of record who are not in-house counsel of a Party, and regular employees of such lawyers of record to whom it is necessary that the information be shown for purposes of the Ontario Action;

	b)	Actual or potential experts or consultants, who are not regularly employed by a Party and who have signed a document in the form of Exhibit A attached hereto (such signed document will be retained by the party who has designated the expert or consultant and copies of the signed document will be provided to the other parties upon request, except that copies of Exhibit A signed by non-testifying experts will be provided to the requesting party only upon a showing of good cause by the requesting party as determined by the Ontario Court);

c)   The staff of the Court or the Ontario Court;

d)   Court reporters and their staff who are required to transcribe testimony containing Confidential Information;

e)   The Parties themselves, corporate officers and key employees and/or representatives of the Parties who have responsibility for directing or assisting litigation counsel in the preparation and trial of this action;

f)   The reinsurers of the defendant insurers in the Ontario Action;

g)   Witnesses to whom documents designated CONFIDENTIAL (or Confidential Information contained therein) are disclosed in connection with preparation for oral discovery or other testimony, but only to the extent counsel making the disclosure believes in good faith that the disclosure is necessary in connection with such preparation;

h)   Witnesses to whom documents designated CONFIDENTIAL (or Confidential Information contained therein) are disclosed during oral discovery or other testimony, but only to the extent counsel making the disclosure believes in good faith that the disclosure is necessary in connection with such testimony; and

i)   If the Ontario Court so elects, any other person may be designated as a Qualified Person by Order of the Ontario Court, after all parties have been given notice and an opportunity to be heard.

5.   All of the documents containing Confidential Information will be marked on each page of each document with the words: "CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER," or other like designation.

6.   Subject to an Order of the Ontario Court to the contrary, a party receiving

MIA 31423793v1

Confidential Information from any other party shall not make it available to persons other than those individuals identified in Paragraph 3, inclusive of Sub- Paragraphs (a) through (i), and shall limit disclosure to Qualified Persons, except that with respect to a document designated as containing Confidential Information, any person indicated on the face of the document to be its originator, author, recipient, or who would otherwise lawfully have access to a copy thereof may be shown the document.

7. Persons who are not Qualified Persons under this Protective Order may be interviewed or examined by any party concerning all Confidential Information of which such persons have prior knowledge. Furthermore, persons who are not Qualified Persons under this Protective Order may be interviewed or examined as witnesses at oral discoveries and trial concerning all Confidential Information of which such persons have prior knowledge.

8. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that a party challenges at any stage of this proceeding a designation of Confidential Information, the parties shall first try to resolve such a challenge in good faith on an informal basis. If a resolution cannot be reached, the party challenging the Confidential Information designation shall send a written notice to the designating party identifying with particularity the challenged Confidential Information, stating the reasons why the Confidential Information designation is being challenged and stating that the party will move before the Ontario Court to remove the designated status of Confidential Information. The designating party bears the burden of establishing the need for the designated status of Confidential Information . Until such time as the challenge is resolved, such Confidential Information shall be

maintained in accordance with this Protective Order.

9. Within sixty (60) days after the conclusion of the Ontario Action, whether by settlement, judgment or final appeal, documents designated as Confidential Information and copies of such document shall be returned to the designating party except as the Ontario Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of this Protective Order restrict the communication and use of Confidential Information, this Protective Order shall continue to be binding after the conclusion of the Ontario Action except (a) that there shall be no restriction of exhibits used in the Ontario Court (unless such exhibits were admitted under seal), and (b) that a party may seek written permission from the producing party or Order of the Court or the Ontario Court with respect to dissolution or modification of this Protective Order.

10. The parties shall use their best efforts to obtain an order under section 137(2) of the *Courts of Justice Act,* R.S.O. 1990, c. C.43 of the Ontario Court in the Ontario Action permitting the filing of the Confidential Information under seal in accordance with the directions of the Ontario Court. Nothing in this Protective Order requires the Ontario Court to issue such an order or prohibits the parties from filing such Confidential Information in the public record if the Ontario Court refuses to enter such an order.

11. For greater clarity, nothing in this Protective Order derogates from the principle in section 136(1) of the Ontario *Courts of Justice Act,* R.S.O. 1990, c. C.43 that all Ontario court hearings shall be open to the public or requires unless a party seeks and obtains an sealing order regarding the Confidential Information. Any disclosure of Confidential Information to any non-Qualified Persons in the course of such a public hearing is deemed not to be a breach of this Order if a sealing Order relating to the Confidential Information has not been obtained from the Ontario Court.

12. This Protective Order shall not restrict any lawyer of record in the Ontario Action from rendering legal advice to his or her client with respect to the Ontario Action and, in the course thereof, generally referring to or relying upon his examination of Confidential Information. In rendering such advice, and in otherwise communicating with his or her client, the lawyer shall not disclose the specific content of any Confidential Information or its source to his or her client unless otherwise permitted to disclose such Confidential Information to such person pursuant to this Protective Order.

13. Any party designating an expert or consultant as a Qualified Person under Paragraph 4(b) shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

14. Nothing contained in this Protective Order shall be deemed a waiver of any requirements for a showing of good cause under the Ontario Court rules or of any right of the conveying party to seek an order from the Ontario Court regarding further conditions for any inspection of its property, documents and/or premises.

15. Notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of any party to challenge the propriety of discovery on grounds of privilege, relevance, materiality, etc., and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material.

16. A failure of any party to expressly challenge a claim of confidentiality shall not be deemed an admission that the same is in fact confidential.

17. This Protective Order shall not prevent any of the parties from applying to the Court or the Ontario Court for relief therefrom, or from applying to the Court or the Ontario

Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

18. For greater clarity, nothing in this Protective Order restricts the disclosure or use of Confidential Information that was possessed before the entry of this Protective Order.

19. An inspecting party or person asserting that the Confidential Information was possessed prior to disclosure, or was acquired or developed independently, and therefore not subject to this Protective Order, shall have the burden of establishing the validity of its position.

20. Absent written modification hereof by the parties hereto or further order of the Court, the provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of the Ontario Action and continue to be binding on all persons subject to the terms of this Protective Order and the Court shall retain continuing jurisdiction to enforce this Protective Order.

16. This Protective Order shall be binding on the parties hereto when signed regardless of when the Court enters this Protective Order. If the Court refuses to sign and enter this Protective Order, the parties shall amend, in writing, this Protective Order in accordance with the Court's decision.

17. The parties and any other person subject to the terms of this Protective Order agree that this Court and the Ontario Court has jurisdiction over such person or party, for the purposes of enforcing this Protective Order. In the event that any Confidential Information is disclosed by a receiving party in violation of this Protective Order, the Confidential Information shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality. Nothing herein shall limit or

restrict the aggrieved party from seeking remedies or relief from any actual or threatened violation of this Protective Order.

18.     (a)     Any inadvertent disclosure or production of documents in paper or electronic form containing Confidential Information or privileged information will not constitute a waiver of either any available privilege or protection by the disclosing party.

(b)     In the event that the receiving party discovers that it has received documents containing Confidential Information or privileged information, it will bring that fact to the attention of the producing party immediately upon discovery.

(c)     Upon the request of the producing party, the receiving party will promptly return to the producing party any documents containing Confidential Information or privileged information and any copies that the receiving party may have made.

(d)     No such inadvertently produced documents containing Confidential Information or privileged information may be used in evidence against the producing party other than as may be permitted under the terms of this Protective Order for information so designated.

19.     This Protective Order does not constitute an agreement to produce any documents, including but not limited to documents which a Party is prohibited from producing by law or regulation, and the definitions of Confidential Information set forth herein and the terms of this Protective Order do not constitute a waiver of any objection a Party has or may have to the production or use of documents and information, and each of the Parties reserves all such rights, privileges and objections.

20.     The parties hereto may by stipulation provide for exceptions to this

Protective Order and any party or subpoenaed third party supplier of Confidential Information in the Ontario Action may seek an order of this Court modifying or interpreting this Protective Order.

21.     None of the foregoing provisions of this Protective Order shall be deemed to preclude any party hereto from seeking and obtaining, on an appropriate showing, additional protection with respect to the Protective Order or relief from this Protective Order with respect to the Confidential Information designated as "CONFIDENTIAL."

DONE AND ORDERED this ___ day of _____, 2019, at Miami, Florida.

_____
U.S. DISTRICT COURT JUDGE

Copies to:

Counsel of Record

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF FLORIDA

LLOYD'S UNDERWRITERS, et al,

    Petitioners,

v.

TD BANK, N.A.,

    Respondent.
_____/

## AFFIDAVIT AND AGREEMENT OF:

_____

STATE OF _____ )
                            )
COUNTY OF _____ )

I, _____, being duly sworn, state that:

1.     My address is _____
_____.

2.     I have received a copy of the Protective Order in this action (the "Order") and I have read the same. Counsel for has explained to me my obligations under the Order.

3.     I will comply with all of the provisions of the Order.

4.     I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any confidential information which is disclosed to me.

MIA 31423793v1

5.  I will return all confidential information which comes into my possession, and all notes, documents or things which I prepare relating thereto, to counsel for the party by whom I am employed or retained.

6.  I hereby submit to the jurisdiction of the Ontario Superior Court of Justice for the purpose of enforcement of this Affidavit and Agreement pursuant to the Order.

_____
Affiant

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2018.

_____
Print Name:
Notary Public

My commission expires: